**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>     vs.<br><br>SENTRY SELECT INSURANCE COMPANY,<br><br>              Defendant.<br>_____/ | CASE NO. CV F 08-1539 LJO GSA<br><br>**RENEWED SCHEDULING ORDER** |

| | |
|---|---|
| Initial Expert Disclosure: | November 11, 2009 |
| Supplemental Expert Disclosure: | November 25, 2009 |
| Nonexpert Discovery Cutoff: | December 7, 2009 |
| Expert Discovery Cutoff: | March 12, 2010 |
| Pretrial Motion Filing Deadline: | February 17, 2010 |
| Pretrial Motion Hearing Deadline: | March 26, 2010 |
| Further Settlement Conf.: | Date: January 12, 2010<br>Time: 10:30 a.m.<br>Dept.: 10 (GSA) |
| Pretrial Conf.: | Date: April 28, 2010<br>Time: 8:30 a.m.<br>Dept.: 4 (LJO) |
| Jury Trial:<br>(5 days est.) | Date: July 6, 2010<br>Time: 8:30 a.m.<br>Dept.: 4 (LJO) |

This Court RESETS discovery, motion and trial dates as follows:

**1.     Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **November 11, 2009**.

1

Supplemental expert witness disclosures by any party shall be served no later than **November 25, 2009**. Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

**2.    Discovery Cutoffs**

All nonexpert discovery shall be completed no later than **December 7, 2009**. All expert discovery shall be completed no later than **March 12, 2010**.

**3.    Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive (except motions in limine), shall be served <u>and filed</u> no later than **February 17, 2010**. All pretrial dispositive and nondispositive motions (except discovery motions in limine) shall be set before the appropriate judge for a hearing to be conducted no later than **March 26, 2010**.

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**4.    Mandatory Settlement Conference**

This Court sets a further settlement conference for **January 12, 2010 at 10:30 a.m.** in Department 10 (GSA) before United States Magistrate Judge Gary Austin. Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

**No later than January 5, 2010**, each party shall submit <u>directly to the settlement conference judge's chambers</u> an updated confidential settlement conference statement. This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated

prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The settlement conference will be vacated if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so that the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**5.    Pretrial Conference**

This Court sets a pretrial conference for **April 28, 2010 at 8:30 a.m.** in Department 4 (LJO) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**6.    Trial Date**

A five-day jury trial is set for **July 6, 2010 at 8:30 a.m.** in Department 4 (LJO) of this Court.

**7.    Consent To Magistrate Judge**

Due to this Court's heavy caseload and its inability to hold to scheduled dates, the parties are encouraged to reconsider consent to the conduct of further proceedings by a United States Magistrate Judge who is in a better position to hold to set dates.

**8.    Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot

be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

**Dated:   June 16, 2009**                           /s/ Lawrence J. O'Neill
                                                       **UNITED STATES DISTRICT JUDGE**