LINDA WENDELL HSU (SBN 162971)
P. BETTY SU      (SBN 229103)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099
Email    : lhsu@selmanbreitman.com
         : psu@selmanbreitman.com

Attorneys for Defendant
SENTRY SELECT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware Corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>SENTRY SELECT INSURANCE COMPANY, an Illinois Corporation,<br><br>             Defendant. | CASE NO. 1:08-CV-01539-LJO-GSA<br><br>**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT** |

Plaintiff Lexington Insurance Company ("Lexington") and defendant Sentry Select Insurance Company ("Sentry Select") hereby stipulate as follows:

WHEREAS, in connection with discovery in this case, the parties have sought and/or anticipate seeking certain documents and/or information that the others contend is private, highly confidential, and/or proprietary;

WHEREAS, the parties desire to protect the confidentiality of such documents and information to ensure that they can obtain

1

**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT – 1:08-CV-01539-LJO-GSA**

and pursue discovery with a minimum of delay and expense;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

**DEFINITIONS**

1. When used in this Agreement, the terms "Party" and "Parties" refer to Lexington and Sentry Select.

2. When used in this Agreement, the term "*Lexington* Action" refers to this action captioned *Lexington Ins. Co. v. Sentry Select Ins. Co. et al.*, United States District Court, Eastern District of California, Case No. 1:08-CV-01539-LJO-GSA.

3. When used in this Agreement, the term "Documents" means the original and any copy (regardless of origin or location) of any written, reported, recorded or graphic matter, however stored, produced or reproduced, including, but not limited to, computer-stored and computer retrievable information; testimony at depositions upon oral examinations or upon written questions; answers to interrogatories; information obtained from the inspection of premises; tangible objects or documents; answers to requests for admission; and anything that is a "writing" under the California Evidence Code and the Federal Rules of Civil Procedure.

4. The term "Confidential Information" means any information, whether documentary or oral, so designated by any producing Person or party which it reasonably and justifiably believes is of the type entitled to protection by law, subject to any party's right to challenge such designation through court intervention, as specified herein.

**TERMS & AGREEMENT**

1. Documents which either party contends constitutes confidential, proprietary trade secret information may be designated as Confidential Information at the time of production by placing or affixing on each page of such Documents the legend "CONFIDENTIAL" or a similar legend.

2. The Documents produced by the parties pursuant to this Agreement shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose.

3. Documents produced pursuant to this Agreement may be disclosed or made available only to the Court, to counsel for a Party, and to the "Qualified Persons" expressly designated below:

    A. A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action;

    B. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this Action;

    C. Court reporter(s) employed in this Action;

    D. A witness at any deposition or other proceeding in this Action; and

    E. Any other person as to whom the parties in writing agree.

4. Before disclosing any matters identified herein to any "Qualified Persons" herein, counsel shall give such person a copy of this Agreement and Court Order approving this Agreement and

1  shall obtain from them a signed written certification in the
2  following form:

> "I hereby acknowledge that I, [name], [position of employment], am about to receive confidential information supplied in connection with the litigation entitled *Lexington Ins. Co. v. Sentry Select Ins. Co. et al.*, United States District Court, Eastern District of California, Case No. 1:08-CV-01539-LJO-GSA.  I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Agreement in this action, and that I have been given a copy, have read and understand the Agreement and agree to be bound by its terms. I understand that such information and any copies that I make of any documents as identified in that Agreement, or any notes or other records that may be made regarding any such matter, shall not be disclosed to any persons except as defined in the Agreement."

5.  Each Party and each other Qualified Person that has agreed to be bound hereto by executing the above-written confirmation shall maintain a file containing the certification that said Party or said Qualified Person obtains pursuant to this Paragraph.

6.  A party may challenge another Person's or party's designation of Confidential Information as "CONFIDENTIAL" under this Protective Order by notifying the producing party in writing of the challenge, including the identity of each document to which the challenge is directed and the specific factual and legal bases supporting the challenge.  Any such challenge must be made, if at all, within 30 days of the producing party's designation of such Confidential Information.  Within 14 days of receipt, the parties shall meet-and-confer telephonically or in person regarding the challenge in an effort to resolve the matter

4

**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT – 1:08-CV-01539-LJO-GSA**

172620.1  138.24037

informally.  If the parties are unable to resolve the matter informally, the challenging party may move the Court to determine the propriety of the challenge.  To prevent the improper disclosure of any Confidential Information, the moving party shall lodge the Confidential Information at issue under seal consistent with the procedures set forth below.

7.   While either Party may challenge the confidentiality of any Confidential Information, as set forth above, any and all Confidential Information is presumptively confidential until the court rules that it is not confidential.  The Parties must therefore take all reasonable steps to maintain their confidentiality, even while a challenge is pending, until such time (if any) that a court rules the Confidential Information is not confidential.

8.   If any of the Documents obtained pursuant to this Agreement and Court Order approving this Agreement are included in any papers to be filed in Court, such papers shall be filed in accordance with Eastern District of California Local Rule 39-141 on "Sealing of Documents".  The Parties agree not to oppose each others' requests to file any of the Documents under seal, **unless that document is the subject of a challenge as set forth above.**

9.   In the event that any Documents are used in any court proceeding in the *Lexington* Action, such Documents or any of them shall not lose their confidential status through such use, and the Party using such shall take all reasonable steps to maintain their confidentiality during such use.

10.  This Agreement and Court Order shall be without

5

**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT – 1:08-CV-01539-LJO-GSA**

172620.1  138.24037

1  prejudice to the rights of the Parties: (a) to bring before this
2  Court at any time the question of whether any particular document
3  or information is confidential or whether its use should be
4  restricted; or (b) to present a motion to the Court for a
5  separate protective order as to any particular document,
6  including restrictions differing from those as specified herein.
7      11.  This Agreement and Court Order is entered solely for
8  the purpose of facilitating the exchange of documents and
9  information between the Parties to this Action without involving
10 the Court unnecessarily in the process.  Nothing in this
11 Agreement and Court Order nor the production of Documents under
12 the terms of this Agreement and Court Order nor any proceeding
13 pursuant to this Agreement and Court Order, shall be deemed to
14 have the effect of any admission or waiver by any Party or of
15 altering the confidentiality of the Documents or altering any
16 existing obligation of any Party or the absence thereof.  The
17 Parties specifically reserve the right to object to the
18 admissibility and use of the Documents.
19     12.  The Parties understand and agree that there are
20 additional documents for which the parties may assert the
21 attorney client privilege, attorney work product protection or
22 other protection(s) which are not a part of this Agreement.
23     13.  This Agreement and Court Order shall survive the final
24 termination of this Action and the Court shall retain
25 jurisdiction to resolve any dispute concerning the use of such
26 Documents disclosed hereunder.
27     14.  Nothing in this Protective Order shall reduce the
28

6

**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT – 1:08-CV-01539-LJO-GSA**

Selman Breitman LLP
ATTORNEYS AT LAW

172620.1  138.24037

protection afforded to other documents produced in and testimony and other information generated during the course of the *Lexington* Action by any other protective order entered.

15. This Agreement shall not be construed against the Party preparing it, but shall be construed as if all parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

DATED: June 22, 2009     SELMAN BREITMAN LLP

By: /s/ P. Betty Su
LINDA WENDELL HSU
P. BETTY SU
Attorneys for Defendant
SENTRY SELECT INSURANCE COMPANY

DATED: June 22, 2009     McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Annette A. Ballatore-Williamson
JAMES P. WAGONER
ANNETTE A. BALLATORE-WILLIAMSON
Attorneys For Plaintiff
LEXINGTON INSURANCE COMPANY

**IT IS SO ORDERED:**

DATED: June 23, 2009

By: /s/ Gary S. Austin
THE HONORABLE GARY S. AUSTIN
United States Magistrate Judge

03674/01868-1409742.v1

7

**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT – 1:08-CV-01539-LJO-GSA**

172620.1 138.24037