# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SENTRY SELECT INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:08-cv-1539-LJO-SKO<br><br>**ORDER ON PARTIES' STIPULATION FOR EXTENSION OF EXPERT DISCOVERY CUT-OFF DATE**<br><br>(Docket No. 100) |

　　This is the **fifth** request for a modification to the initial scheduling order dated February 18, 2009, that the parties have requested. On February 9, 2010, the parties were cautioned that any further stipulation seeking modification of the scheduling order would be viewed with disfavor absent extraordinary circumstances. On May 25, 2009, the Court again informed the parties, after granting another request for a modification to the schedule, that "**no other extensions of time will be considered or granted unless truly extraordinary circumstances arise**."

　　On July 9, 2010, the parties filed this fifth request for another modification to the original scheduling order. The parties assert that expert witness depositions noticed for July 13, 2010, and July 15, 2010, are unworkable because one of the experts is "unavailable" and counsel for both parties state they are unavailable on the noticed dates.

　　Unavailability, especially of the parties' counsel, is not an extraordinary circumstance. The

1 parties and their counsel have known the exact date of the expert witness discovery cut-off for
2 months.  The dates for initial and supplemental disclosure of expert witnesses passed on June 25,
3 2010, and July 8, 2010, respectively.  These disclosure dates were **extended <u>four</u> times at the**
4 **request of the parties, and the dates were all selected by the parties**.  If these dates place the
5 parties and their counsel at a disadvantage in terms of scheduling, it is a disadvantage of their own
6 creation; the Court has repeatedly cautioned the parties regarding further extensions of time.
7 Counsel's apparent failure to adequately confer as to appropriate dates for expert witness depositions
8 is not an extraordinary circumstance, and the Court will not adjust the deadlines that may impact all
9 other scheduling dates merely to accommodate the lack of adequate planning by the parties.   For
10 these reasons, the Court is **not** inclined to once again modify the scheduling order in place.  The
11 parties have until **July 16, 2010**, to complete expert discovery.

12      Accordingly, IT IS HEREBY ORDERED THAT the parties' stipulation for an extension of
13 time to complete two expert witness depositions in this matter is DENIED.

15 IT IS SO ORDERED.

16 **Dated:   July 12, 2010**         /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE